**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

PETER MACCI, *on behalf of himself, FLSA Collective Plaintiffs, and the Class*,

Plaintiff,

- against -

FEDERAL EXPRESS CORPORATION,

Defendant.

Case No.: 2:24-cv-4325 (SJB)(LGD)

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF A COLLECTIVE ACTION PURSUANT TO THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b)

**TA LEGAL GROUP PLLC**
Taimur Alamgir, Esq.
315 Main Street, Second Floor
Huntington, NY 11743
Tel.: (914) 552-2669
tim@talegalgroup.com

**BROWN KWON & LAM LLP**
William Brown, Esq.
Angela Kwon, Esq.
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
akwon@bkllawyers.com
wbrown@bkllawyers.com

*Attorneys for Plaintiff and Putative FLSA Collective Plaintiffs*

# TABLE OF CONTENTS


TABLE OF AUTHORITIES .......... ii

I. PRELIMINARY STATEMENT .......... 1

II. PLAINTIFF'S FLSA COLLECTIVE ACTION CLAIMS .......... 2

III. ARGUMENT .......... 4

A. The Court Should Certify the Collective Action and Order Notice .......... 4

B. Plainitff Has Made the Required Showing that the Covered Employees Are Similarly Situated with Respect to Their FLSA Claims. .......... 6

C. Court-Authorized Notice Is Appropriate in This Case. .......... 6

D. Discovery of Names and Contact Information of Potential Opt-In Plaintiffs Is Proper and Necessary. .......... 8

IV. CONCLUSION .......... 8

**Exhibit A** – Written Warning on Break Policy

**Exhibit B** – Sample Daily Timecards for Plaintiff

**Exhibit C** – Proposed Notice and Opt-in Form

# TABLE OF AUTHORITIES

**CASES**


*Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474 (S.D.N.Y. 2016) ....8

*Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14 Civ. 3624, 2015 U.S. Dist. LEXIS 90616 (S.D.N.Y. July 13, 2015) ....5

*Cabrera v. Stephens*, No. 16 Civ. 3234, 2017 U.S. Dist. LEXIS 160044 (E.D.N.Y. Sept. 28, 2017) ....7

*Chen v. XpressSpa at Term. 4 JFK, LLC*, No. 15 Civ. 1347, 2016 U.S. Dist. LEXIS 20003 (E.D.N.Y. Feb. 16, 2016) ....7

*Damassia v. Duane Reade. Inc.*, No. 04 Civ. 8819, 2006 U.S. Dist. LEXIS 73090 (S.D.N.Y. Oct. 5, 2006) ....4

*Elmajdoub v. MDO Dev. Corp.*, No. 12 Civ. 5239, 2013 U.S. Dist. LEXIS 176270 (S.D.N.Y. Dec. 11, 2013) ....7

*Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317 (S.D.N.Y. 2007) ....7

*Flood v. Carlson Rests., Inc.*, No. 14 Civ. 2740, 2015 U.S. Dist. LEXIS 6608 (S.D.N.Y. Jan. 20, 2015) ....6

*Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387 (S.D.N.Y. Feb. 19, 2008) ....5

*Hernandez v. Merrill Lynch & Co.*, No. 11 Civ. 8472, 2012 U.S. Dist. LEXIS 49822 (S.D.N.Y. Apr. 6, 2012) ....6

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997) ....4

*Hoffmann-La Roche v. Sperling*, 493 U.S. 165 (1989) ....4, 7

*Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372 (S.D.N.Y. Aug. 9, 2007) ....5

*Lin v. Benihana Nat'l Corp.*, 275 F.R.D. 165 (S.D.N.Y. May 31, 2011) ....5

*Lynch v. United Servs. Auto Ass'n*, 491 F. Supp. 2d 357 (S.D.N.Y. 2007) ....5

*Martinenko v. 212 Steakhouse Inc.*, No. 22 Civ. 518, 2022 U.S. Dist. LEXIS 76078 (S.D.N.Y. Apr. 26, 2022) ....7

*Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629, 2013 U.S. Dist. LEXIS 132777 (S.D.N.Y. Sept. 16, 2013) ....5

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010) ....4

*Ramos v. DNC Food Serv. Corp.*, No. 19 Civ. 2967, 2020 U.S. Dist. LEXIS 96123 (June 1, 2020) ....7

*Varghese v. JP Morgan Chase & Co.*, 14 Civ. 1718, 15 Civ. 3023, 2016 U.S. Dist. LEXIS 122428 (S.D.N.Y. Sept. 8, 2016) ....4

*Velasquez v. Digital Page, Inc.*, No. 11 Civ. 3892, 2014 U.S. Dist. LEXIS 68538 (E.D.N.Y. May 19, 2014) ....8

*Wang v. Shun Lee Palace Rest., Inc.*, No. 17 Civ. 840, 2018 U.S. Dist. LEXIS 108437 (S.D.N.Y. June 28, 2018) ....5

*Young v. Cooper Cameron Corp.*, 229 F.R.D. 50 (S.D.N.Y. 2005) .......................................... 6

**STATUTES**

29 U.S.C. § 207(a)(1) .......................................................................................................... 2

29 U.S.C. § 216(b) .......................................................................................................... 1, 4

**OTHER AUTHORITIES**

U.S. Dep't of Labor, Wage & Hour Div., Fact Sheet #23, https://www.dol.gov/agencies/whd/fact-sheets/23-flsa-overtime-pay ........................... 2

Plaintiff Peter Macci ("Plaintiff") respectfully submits this Memorandum of Law in support of his Motion for an Order: (a) granting conditional certification of a collective action pursuant to the Fair Labor Standards Act, as amended ("FLSA"), 29 U.S.C. § 216(b); (b) approving the proposed notice attached hereto as **Exhibit A** to be mailed and emailed to all potential opt-in plaintiffs; (c) compelling Defendant to post the proposed notice in its office and warehouse locations; (d) compelling Defendant to produce the names, job titles, dates of employment, last known mailing address, last known email address, and all known telephone numbers of all potential opt-in plaintiffs within two (2) weeks, and (e) granting such other and further relief as the Court may deem just and proper.

## I. PRELIMINARY STATEMENT

Plaintiff Peter Macci is a former employee of Defendant Federal Express Corporation ("FedEx" or "Defendant"). Plaintiff worked as a driver for Defendant in the State of New York for more than 25 years from 1996 to June 2022. On June 18, 2024, Plaintiff filed the instant action on behalf of himself and a putative class of similarly situated employees who were employed by FedEx as drivers in New York, seeking to recover unpaid regular and overtime wages due to common policy of unpaid off-the-clock work, liquidated damages and attorneys' fees and costs under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Specifically, Plaintiff alleges that Defendant systematically deprived all of its drivers of the full and proper overtime wages by deducting time on the basis of sham "breaks," even though the drivers were denied uninterrupted, bona fide breaks and required to work throughout each shift, in violation of the FLSA.

By this motion, Plaintiff seeks to conditionally certify a collective action under the FLSA pursuant to 29 U.S.C. § 216(b) on behalf of all drivers (including, but not limited to the following positions and classifications: Courier (DOT), Courier, Driver Courier (DOT), Driver Courier, Delivery Driver (DOT), Delivery Driver, and Shuttle Driver (DOT)) employed by Defendant in

New York County, Queens County, Kings County, Bronx County, Richmond County, Westchester County, Nassau County and Suffolk County, from the date six (6) years prior to the initiation of this action, i.e., June 18, 2018, until the present (the "Covered Employees") to provide them with Court-approved notice of the herein action to allow potential opt-ins to join this action and recover unpaid wages.

## II. PLAINTIFF'S FLSA COLLECTIVE ACTION CLAIMS

Under 29 U.S.C. § 207(a)(1), the FLSA requires an employer to pay its non-exempt employees at an overtime rate not less than one and one-half (1½) times their regular pay rates for all hours worked in excess of forty (40) in a workweek. *See also* U.S. Dep't of Labor, Wage & Hour Div., Fact Sheet #23, https://www.dol.gov/agencies/whd/fact-sheets/23-flsa-overtime-pay. From in or around 2019 until the end of his employment in June 2022, Plaintiff regularly worked in excess of forty (40) hours per workweek, ranging between fifty (50) and sixty-five (65) hours per week. (Macci Decl. ¶ 4).[1] Based on Plaintiff's observations and conversations with fellow drivers at FedEx, other drivers at FedEx also regularly worked in excess of forty (40) hours per workweek. (Macci Decl. ¶ 5). Despite working hours that were well in excess of forty (40) per week, Plaintiff and all other drivers at FedEx were not compensated the full overtime wages for all hours worked due to Defendant's common policy and practice of requiring off-the-clock work. (Macci Decl. ¶¶ 4-6).

Specifically, during Plaintiff's employment at FedEx, Defendant maintained a common policy of requiring employees to clock out for a purported 30-mintue "break" for shifts over six hours and a purported 60-minute "break" for shifts over eight hours, regardless of whether the employee was working and unable to take such breaks due to work. (Macci Decl. ¶ 6). Due to the heavy workload, including deliveries and other job duties that had to be completed within the workday, Plaintiff as well as his driver co-workers at FedEx were unable to take their "breaks"

[1] See Declaration of Peter Macci ("Macci Decl.") filed in support of this motion.

uninterrupted, free and clear of work on a regular basis. (Id.) Instead, drivers at FedEx were required to perform their work duties during these "break" periods, such as filling gas in vehicle, driving to the next location, maintaining delivery records, reporting issues, inspecting vehicles, and preparing DVIRs. (Id.) If Plaintiff or other drivers did not complete all of their assigned work in the workday or were unable to clock out for a "break" due to the workload, they were reprimanded and/or written up by the supervisors. (Macci Decl. ¶ 12). See attached hereto as **Exhibit A**, a written warning that Plaintiff received from his manager for not clocking out for a "break" during his shift.

Plaintiff's FLSA claims are further supported by Defendant's daily time records for Plaintiff, samples of which are attached hereto as **Exhibit B**. The highlighted lines in these records show the time when Plaintiff clocked out for break ("BEGIN BREAK") and clocked back into work ("END BREAK") each workday. During each of these "break" periods, the documents show that the numbers on the "Odometer" increased, demonstrating that Plaintiff was driving between job sites during that time. *See* **Exhibit B**. This happened throughout the relevant time period from 2018 until the end of Plaintiff's employment in June 2022.

Based on Plaintiff's personal observations and conversations with his co-workers, Plaintiff and all other drivers at FedEx were subject to the same break policies and similarly required to work during their purported "breaks" without compensation. (Macci Decl. ¶¶ 7-11). Defendant's failure to compensate Plaintiff and the Covered Employees for all working time is a violation of the FLSA. Since Plaintiff and the Covered Employees regularly worked over forty (40) hours per workweek, the cumulation of unpaid off-the-clock work resulted in unpaid overtime wages every week. As Plaintiff and the Covered Employees were subject to the same break policy and off-the-clock work requirements during their employment at FedEx, this meets the modest factual showing that Plaintiff and the Covered Employees together were victims of a common policy or plan that violated the law.

## III. ARGUMENT

Under the FLSA, employees may sue on behalf of themselves and other employees who are "similarly situated." 29 U.S.C. § 216(b). In order for similarly situated employees to participate in an FLSA collective action, they must opt-in to the collective action by filing a written consent form to become a party plaintiff. *Id.*; *see also Varghese v. JP Morgan Chase & Co.*, 14 Civ. 1718, 15 Civ. 3023, 2016 U.S. Dist. LEXIS 122428, at *13 (S.D.N.Y. Sept. 8, 2016). Unlike class actions under the Fed. R. Civ. P. 23, "in FLSA collective actions, 'only plaintiffs who affirmatively opt in can benefit from the judgment or be bound by it.'" *Id.* (citing *Damassia v. Duane Reade. Inc.*, No. 04 Civ. 8819, 2006 U.S. Dist. LEXIS 73090, at *7 (S.D.N.Y. Oct. 5, 2006)) (internal citations omitted). Although 29 U.S.C. § 216(b) does not explicitly address court-authorized notice to potential opt-in plaintiffs, "[i]t is well settled that district courts have the discretionary power to authorize sending of notice to potential class members in a collective action" *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (citing *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170 (1989)). As the filing of an FLSA collective action does not toll the three-year statute of limitations, it is critical that potential opt-in plaintiffs be afforded notice of the claims and opportunity to opt-in before their claims expire as time passes.

### A. The Court Should Certify the Collective Action and Order Notice.

Courts in the Second Circuit apply a two-step process to determine whether an action should be certified as an FLSA collective action. *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010). In the first step, the court makes "an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred." *Id.* at 555. "The Court may send this notice after plaintiffs make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (citing *Hoffmann*, 982 F. Supp. at 261). This is a lenient standard, and "modest factual showing" must remain a low standard of

proof as the first stage is merely to determine whether "'similarly situated' plaintiffs do in fact exist,'" and it is at the second stage, on a fuller record, that the Court determines whether the collective action is appropriate or should be de-certified. *Id*.

In determining whether the Court should conditionally certify an FLSA collective action, district courts look at the allegations in the pleadings and declarations in order to determine whether plaintiffs and potential opt-in plaintiffs are sufficiently similarly situated to issue notice. *See e.g.*, *Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 U.S. Dist. LEXIS 70372, at *4-5 (S.D.N.Y. Aug. 9, 2007) (certifying collective action based upon complaint and one affidavit); *see also Wang v. Shun Lee Palace Rest., Inc.*, No. 17 Civ. 840, 2018 U.S. Dist. LEXIS 108437, at *7 (S.D.N.Y. June 28, 2018) (quoting *Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785, 2008 U.S. Dist. LEXIS 18387, at *3-4 (S.D.N.Y. Feb. 19, 2008)) ("Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members."); *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629, 2013 U.S. Dist. LEXIS 132777, at *10 (S.D.N.Y. Sept. 16, 2013) ("Indeed, courts in this circuit have routinely granted conditional collective certification based solely on the personal observations of one plaintiff's affidavit."). Potential opt-in plaintiffs do not have to be identical or subject to identical treatment as "courts have determined that the applicable test is whether the plaintiffs have established a sufficient 'factual nexus' between their situation and the situation of other putative collective action members." *See Lin v. Benihana Nat'l Corp*., 275 F.R.D. 165, 173 (S.D.N.Y. May 31, 2011).

At this stage, the court "does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." *Bhumithanarn v. 22 Noodle Mkt. Corp*., No. 14 Civ. 3624, 2015 U.S. Dist. LEXIS 90616, at *6 (S.D.N.Y. July 13, 2015) (quoting *Lynch v. United Servs. Auto Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)). The Court "should not examine 'whether there has been an actual violation of law,' but rather 'whether the

proposed plaintiffs are 'similarly situated' under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated.'" *Flood v. Carlson Rests., Inc.*, No. 14 Civ. 2740, 2015 U.S. Dist. LEXIS 6608, at *6 (S.D.N.Y. Jan. 20, 2015) (quoting *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005)). Instead, "[u]pon finding that plaintiffs are similarly situated with other potential opt-ins, a court should conditionally certify the class, order that appropriate notice be given to putative class members, and the action continue as a collective action throughout the discovery process." *Id.* (quoting *Hernandez v. Merrill Lynch & Co.*, No. 11 Civ. 8472, 2012 U.S. Dist. LEXIS 49822, at *11 (S.D.N.Y. Apr. 6, 2012)). Here, Plaintiff has made the "modest factual showing" that he and potential opt-in plaintiffs, the Covered Employees, were subject to a common policy that violated the FLSA.

### B. Plaintiff Has Made the Required Showing that the Covered Employees Are Similarly Situated with Respect to Their FLSA Claims.

As propounded above and set forth in Plaintiff's declaration, Plaintiff and the Covered Employees are similarly situated with regards to their FLSA claims. At all times, Defendant failed to compensate Plaintiff and the Covered Employees the full and proper wages for all hours worked due to Defendant's commonly applied break policy and off-the-clock work requirements every workday, resulting in under-compensation of overtime wages each week in violation of the FLSA. As the pleadings and Plaintiff's declaration meet the modest factual showing requirement that Plaintiff and the Covered Employees were subject to the same compensation scheme and illegal policies and practices, conditional certification of an FLSA collective action is appropriate here.

### C. Court-Authorized Notice Is Appropriate in This Case.

In addition to an order conditionally certifying an FLSA collective action, Plaintiff respectfully requests that the Court use its broad discretion and authorize notice by mail and email to all Covered Employees who have worked for Defendant at any period in the six (6) years prior to the initiation of this action, June 18, 2024, and posting of the Court-Authorized

notice in a conspicuous, non-public common area locations at Defendant's offices and warehouses.

Courts have broad discretionary authority to facilitate notice to potential plaintiffs regarding the pendency of the action and their right to opt-in as a party plaintiff. *See Hoffmann-La Roche*, 493 U.S. at 169-170; *see also Martinenko v. 212 Steakhouse Inc.*, No. 22 Civ. 518, 2022 U.S. Dist. LEXIS 76078, at *18 (S.D.N.Y. Apr. 26, 2022). "When exercising its broad discretion to craft appropriate notices in individual cases, District Courts consider the overarching policies of the collective suit provisions." *Id.* (quoting *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 323 (S.D.N.Y. 2007)). "The job of the court is to make sure that notice 'is timely, accurate, and informative.'" *Id.* (quoting *Hoffmann-La Roche*, 493 U.S. at 172). Courts are "guided by the goals of the notice: to make as many potential plaintiffs as possible aware of this action and their right to opt in without devolving into a fishing expedition or imposing undue burdens on the defendants." *Elmajdoub v. MDO Dev. Corp.*, No. 12 Civ. 5239, 2013 U.S. Dist. LEXIS 176270, at *15-16 (S.D.N.Y. Dec. 11, 2013).

Furthermore, courts in this Circuit have routinely approved the posting of the Court-Authorized notice at the job site, even where potential members will also be notified by mail. *See Ramos v. DNC Food Serv. Corp.*, No. 19 Civ. 2967, 2020 U.S. Dist. LEXIS 96123, at *30 (June 1, 2020) (noting that "posting notice in the workplace maximizes potential plaintiffs' opportunities to be informed of the pendency of the litigation and consider whether to opt in"); *see also Cabrera v. Stephens*, No. 16 Civ. 3234, 2017 U.S. Dist. LEXIS 160044, at *26 (E.D.N.Y. Sept. 28, 2017); *Chen v. XpressSpa at Term. 4 JFK, LLC*, No. 15 Civ. 1347, 2016 U.S. Dist. LEXIS 20003, at *31 (E.D.N.Y. Feb. 16, 2016) ("The posting of a notice is a common requirement.").

Here, Plaintiff's proposed notice is attached as **Exhibit C**. As the proposed notice is fair and adequately provides clear notice regarding the FLSA claims and instructions on how to opt

in, Plaintiff respectfully requests that this notice be approved for dissemination via mail and email. In addition, Plaintiff requests that Defendant be ordered to post the notice on in a conspicuous, non-public common area location at Defendant's office and warehouse locations in New York County, Queens County, Kings County, Bronx County, Richmond County, Westchester County, Nassau County and Suffolk County.

### D. Discovery of Names and Contact Information of Potential Opt-In Plaintiffs Is Proper and Necessary.

Upon conditional certification of an FLSA collective action, courts routinely order the discovery of names and contact information of potential collective members. "In general, it is appropriate for courts in collective actions to order the discovery of names, addresses, telephone numbers, email addresses, and dates of employment of potential collective action members." *Tanski*, 2017 U.S. Dist. LEXIS 112506 at *50 (quoting *Velasquez v. Digital Page, Inc.*, No. 11 Civ. 3892, 2014 U.S. Dist. LEXIS 68538, at *43-44 (E.D.N.Y. May 19, 2014)) (internal citations omitted); *see also Benavides v. Serenity Spa NY Inc.*, 166 F. Supp. 3d 474, 488 (S.D.N.Y. 2016).

To facilitate notice, Plaintiff respectfully requests that the Court order Defendant to produce within two (2) weeks of this Order, in Excel format, a list of all Covered Employees, including their names, job titles, dates of employment, last known mailing address, last known email address, and all known telephone numbers.

## IV. CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court grant conditional certification of a collective action for the Covered Employees in the herein matter and order that Defendant provide the list of Covered Employees within two (2) weeks so that notice of this action can be disseminated via mail and email.

Dated: March 7, 2025

New York, New York

Respectfully submitted,

**BROWN KWON & LAM, LLP**

By: */s/ Angela Kwon*

William Brown, Esq. (WB 2108)
Angela Kwon, Esq. (AK1396)
521 Fifth Avenue, 17th Floor
New York, NY 10175
Tel.: (212) 295-5828
Fax: (718) 795-1642
wbrown@bkllawyers.com
akwon@bkllawyers.com

**TA LEGAL GROUP PLLC**
Taimur Alamgir, Esq. (TA9007)
315 Main Street, Second Floor
Huntington, NY 11743
Tel.: (914) 552-2669
tim@talegalgroup.com

*Attorneys for Plaintiff and Putative FLSA Collective Plaintiffs*