UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

PETER MACCI, *on behalf of himself,*
*FLSA Collective Plaintiffs, and the Class,*

                Plaintiffs,

v.

FEDERAL EXPRESS CORPORATION,

                Defendant.

-----------------------------------------------------------X

**ORDER**

24-CV-04325 (SJB) (LGD)

**LEE G. DUNST**, Magistrate Judge:

    Presently before the Court is Plaintiff's Motion to Certify Collective Action (the "Motion") pursuant to the Fair Labor Standards Act ("FLSA") at Electronic Case File ("ECF") No. 20. The motion is before the undersigned for a decision pursuant to District Judge Sanket J. Bulsara's Individual Practice Rule V.A.9. *See also Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 383 (E.D.N.Y. 2010) ("[A] magistrate judge has jurisdiction over a motion seeking conditional class certification because it is only a 'preliminary determination[ ] and [is] not dispositive'") (citations omitted). For the reasons discussed herein, the motion is granted in part and denied in part.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

    **A.    Factual Background**

    According to the Complaint, Defendant Federal Express Corporation ("FedEx") "is the world's largest express transportation company" and is based in Memphis, Tennessee. ECF No. 1 at 1, 3. Plaintiff Peter Macci was employed as a FedEx driver on Long Island for approximately 25 years. *Id.* at 2. Specifically, Plaintiff was a "Shuttle Driver (DOT)" in the

FedEx location in Hicksville from 1996 to 2019, and then a "Courier Driver (DOT)" in the FedEx location in Melville (the "FRG Location") from 2019 until his termination in June 2022.[1] *Id.* at 9–11. According to Plaintiff, his roles included, but were not limited to, "[o]perating a FedEx Express vehicle; [d]elivering packages to FedEx Express customers, and picking up packages from FedEx Express customers . . . ; [and] [m]eeting on road with other drivers mid-shift to pick up additional packages." *Id.* at 10.

Plaintiff contends that FedEx violated the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") due to FedEx's alleged failure to properly pay "overtime wages due to commonly-applicable policies of time-shaving and unpaid off-the-clock work." *Id.* at 2. Specifically, Plaintiff claims that he was required to perform work-related tasks during his break periods and argues that "FedEx Express's policy of automatically deducting purported 'breaks' from Plaintiff's paid time amounted to unlawful time shaving because Plaintiff was never actually afforded uninterrupted, *bona fide* breaks, and was in fact required by FedEx Express to work during the so-called 'breaks.'" *Id.* at 15. Plaintiff further contends that FedEx employees were required to wear their uniforms at all times and were "not permitted to clock into work unless dressed in uniform, and may not remove their uniforms until after they finish working and clock out" and improperly were not compensated for their time spent on "compensable off-the-clock time spent 'donning and doffing.'" *Id.* at 16. Defendants deny these allegations of any improper time shaving or unpaid off-the-clock work. *See* ECF No. 9.

According to the Complaint (which was filed on June 18, 2024), Plaintiff seeks to bring this case as a collective action "on behalf of all drivers (including, but not limited to the following positions and classifications: Courier (DOT), Courier, Driver Courier (DOT), Driver

---

[1] Plaintiff was a part-time driver from 1996 to 2019, and then was employed full-time from 2019 to 2022. ECF. No. 22 at 1.

2

Courier, Delivery Driver (DOT), Delivery Driver, and Shuttle Driver (DOT)) employed by FedEx Express in the State of New York, on or after the date that is six (6) years before the filing of the Complaint in this action ("FLSA Collective Plaintiffs")." *Id.* at 5.

In support of the claims against FedEx, the Complaint refers primarily to Plaintiff's own personal experiences employed at FedEx. *See generally id.* Plaintiff also cites in the Complaint to his "observations and conversations during his employment." *Id.* at 11. The Complaint does not provide any detail about any other FedEx drivers by name regarding any alleged time shaving or unpaid off-the-clock work.

Plaintiff expanded on these allegations in his subsequent declaration that was submitted in support of the pending certification motion. *See* ECF No. 22. According to Plaintiff, he was "never afforded uninterrupted, bona fide breaks" because "FedEx maintained a policy of mandating employees to clock out for purported 'breaks' . . . even if the employee was working and unable to take such breaks." *Id.* at 2. Plaintiff added that "based on my observations and conversations with other drivers in positions such as couriers, driver couriers, delivery drivers, and shuttle drivers were similarly required to work during breaks without compensation." *Id.* Plaintiff cites his conversations with "numerous co-workers" with similar experiences and specifically references approximately thirteen employees (five by their full names and the remainder only by their first names). *See id.* at 2–3. Plaintiff includes no information about where most of these FedEx drivers worked, except for one employee (identified by his full name) who took over Plaintiff's route in the Northport/Fort Salonga area and two employees (identified by their first names only) who worked in the Syosset and Crossways Park areas. *See id.*

### B. Procedural Background

As noted previously, Plaintiffs filed this action on June 18, 2024. ECF No. 1.

3

Defendants answered the Complaint on August 26, 2024.  ECF No. 9.  On October 28, 2024, the parties attended the Initial Conference, and the Court issued the discovery schedule noting that "any motion to amend the pleadings to add claims or join addition[al] parties must be filed by 1/31/2025."  ECF No. 15.  Plaintiff never sought to amend the Complaint at any time either before or after January 31, 2025.

Plaintiffs filed the instant motion to certify this case as a FLSA collective action on March 7, 2025, with a memorandum in support and an affirmation from Plaintiff Peter Macci. *See* ECF Nos. 20–22.  Plaintiff also filed an affirmation by Plaintiff's counsel.  ECF No. 23. Plaintiffs did not submit affirmations from any other FedEx drivers.  Notably, Plaintiffs have narrowed the geographic scope of the proposed collective action from all FedEx drivers in New York State to those "employed by Defendant in New York County, Queens County, Kings County, Bronx County, Richmond County, Westchester County, Nassau County and Suffolk County."  ECF No. 21 at 1–2.  Defendant filed its opposition to the motion on April 11, 2025 (ECF No. 24), Plaintiff replied in further support of the motion on April 22, 2025 (ECF No. 26).

On May 22, 2025, the Court conducted a status conference and directed the parties to submit a joint status report by June 12, 2025.  *See* ECF No. 28.  On June 12, 2025, the parties reported that they "ha[d] been engaged in discussions regarding settlement."  ECF No. 29.  As a result, the Court directed the parties to submit another status report regarding their settlement discussions.  *See* Electronic Orders, dated June 16, 2025, and June 30, 2025.  On July 14, 2025, the parties reported that their settlement discussions were "at an impasse."  ECF No. 31.  The Court directed the parties to submit *ex parte* letters regarding these discussions (*see* Electronic Order, dated July 31, 2025) and later conducted a status conference on August 26, 2025 (ECF No. 32).  The Court then scheduled a settlement conference for October 23, 2025, and held the

4

motion for certification in abeyance pending that settlement conference.  *See* ECF No. 32.  The subsequent settlement conference was unsuccessful and, as a result, the Court advised that it would address the pending certification motion.  *See* ECF. No. 35.

## II.  LEGAL STANDARD

"Section 216(b) of the FLSA provides employees with a right of action on behalf of themselves and 'others similarly situated.'"  *Villalta v. 101-11 86 Ave. Corp.*, No. 20-CV-0249, 2022 WL 462408, at *2 (E.D.N.Y. Feb. 15, 2022) (citing 29 U.S.C. § 216(b)).  In considering whether employees can bring a "collective action" pursuant to the FLSA, the Second Circuit applies a two-step test:[2]  "[t]he first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred."  *Myers v. Hertz Corp.,* 624 F.3d 537, 555 (2d Cir. 2010).  If the Court certifies the first step, potential class members may then "op-in" to the case.  *Agonath v. Interstate Home Loans Ctr., Inc.*, No. 17-CV-5267, 2019 WL 1060627, at *2 (E.D.N.Y. Mar. 6, 2019).  After a fuller record has been developed, the second stage (known as the "decertification stage") occurs, wherein the court determines whether the "opt-in plaintiffs are in fact similarly situated to plaintiffs."  *Jibowu v. Target Corp.*, 492 F. Supp. 3d 87, 118 (E.D.N.Y. 2020) (citation omitted); *see also* Myers, 624 F.3d at 555; *see Villalta*, 2022 WL 462408, at *2.

In considering this first step, Plaintiffs should make a "'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the

---

[2] Defendant suggests that the Court should ignore this Second Circuit precedent and apply a different approach to certification followed by other Circuits.  ECF No. 24 at 19 ("FedEx's position is that this Court, and the Second Circuit should abrogate this approach and instead follow sister circuits who have done so in favor an approach based more squarely upon the statutory language of the FLSA.").  The undersigned declines Defendant's invitation to ignore long-standing Second Circuit precedent.  *See, e.g., Delk v. Harborview Health Sys. Inc.*, No. 24-CV-4269, 2025 WL 2653903, at *3–8 (E.D.N.Y. Sept. 16, 2025) (applying the Second Circuit's two-step approach to certification of a collective action under the FLSA).

5

law[.]'" *Myers*, 624 F.3d at 555 (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); *see also Rafter v. Everlast Sign & Serv. Inc.*, No. 21-CV-4588, 2023 WL 7687261, at *4 (E.D.N.Y. Apr. 13, 2023) (same). Documents that may be considered to establish such a showing include "plaintiffs' own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." *Chicas v. Kelco Constr., Inc.*, No. 21-CV-09014, 2023 WL 2072026, at *3 (S.D.N.Y. Feb. 19, 2023) (internal quotation marks and citation omitted). At this stage, district courts "examine pleadings and affidavits, but 'do[ ] not resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations.'" *Villalta*, 2022 WL 462408, at *3 (quoting *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 385 (E.D.N.Y. 2010)); *see also Gonzalez v. Wicked Taco LLC*, 764 F. Supp. 3d 77, 96 (E.D.N.Y.) ("When applying this lenient evidentiary standard, a court evaluates pleadings and affidavits, but does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.") (citation omitted), *reconsideration denied*, 772 F. Supp. 3d 284 (E.D.N.Y.), *objections overruled*, No. 23-CV-09555, 2025 WL 2384040 (E.D.N.Y. 2025). In determining whether members of an action are similarly situated, "district courts typically review several factors, including (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations." *McGlone v. Contract Callers, Inc.*, 49 F. Supp. 3d 364, 367 (S.D.N.Y. 2014) (citation omitted); *Chicas*, 2023 WL 2072026, at *3–4 (applying these factors and finding conditional class certification was warranted); *Severino v. Avondale Care Grp., LLC*, No. 21-CV-10720, 2022 WL 16555372, at *3 (S.D.N.Y. Oct. 29, 2022) (same).

### III. DISCUSSION

Applying the above standard to the record, the Court finds that Plaintiff have demonstrated that conditional certification is warranted but not to the extent sought by Plaintiff.

Plaintiff's submissions in this case are sufficient to establish the "'modest factual showing' that [he] and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Myers*, 624 F.3d at 555 (quoting *Hoffmann*, 982 F. Supp. at 261). Applying "this lenient evidentiary standard," the evidence suggests at this early stage of the case that certain FedEx drivers worked under similar conditions and were likely victims of a common policy or plan that may have violated the FLSA. *See Gonzalez,* 764 F. Supp. 3d at 95. The Court finds that Plaintiffs have made a sufficient showing to grant conditional certification of a collective as to Plaintiff and certain FedEx drivers. However, as set for the herein, Plaintiff has failed to meet his burden as to the expansive geographic scope and time period for the proposed collective that he seeks in the pending motion.

#### 1. Unlawful Policy

"To bring a collective action, Plaintiffs must show they were victims of Defendants' illegal pay practices." *Villalta*, 2022 WL 462408, at *5. Here, the Court finds sufficient facts at this stage to show Defendant may have been employed an improper break policy in violation of the FLSA – to wit, Defendant required Plaintiff to work during breaks – and Plaintiff did not receive proper pay as a result. Plaintiff's reliance on his affirmation (which includes references to other employees who were subject to this policy) is sufficient to satisfy the "modest factual showing" at this stage. *Myers*, 624 F.3d at 555.

#### 2. Similarly Situated Employees

"Next, the Court considers whether similarly situated employees exist with respect to

7

Defendants' alleged FLSA overtime violations." *Villalta*, 2022 WL 462408, at *6. Plaintiff explains that similar break policies were applied to other drivers at FedEx, citing his conversations were several other drivers. The Court finds that Plaintiffs' allegations are sufficient to establish a nexus between the situation of Plaintiffs and the other drivers as possible victims of a common policy or plan that violated the law.[3] *See Neris v. R.J.D. Constr., Inc.*, No. 18-CV-1701 (ADS) (AKT), 2019 WL 1458239, at *5 (E.D.N.Y. Mar. 29, 2019) (concluding that Plaintiff had met the "lenient" evidentiary standard in showing a "plausible factual nexus" concerning Plaintiff and other employees).

### 3. Geographic Scope

The regional breadth of the proposed collective action has evolved from the entire State of New York, as set forth in the Complaint (ECF No. 1 at 5), to (1) Nassau County, (2) Suffolk County, (3) New York City (including all five counties therein), and (4) Westchester County, as set forth in the Motion (ECF No. 21 at 1–2). Defendant argues that Plaintiff has not met his burden to seek certification of such a broad geographic collective. *See* ECF No. 24 at 19–20. The Court agrees.

Plaintiff worked only at the FRG Location on Long Island after 2019 and did not work at any FedEx location in New York State. Plaintiff's affirmation includes references to other FedEx drivers (a few by their full name and most by their first name only), but lacks sufficient information about where they actually worked (other than some vague details about three employees). Notably, Plaintiff has submitted no declarations from any other FedEx drivers, let

---

[3] Defendant contends that Plaintiff is not similarly situated to other FedEx drivers because Plaintiff proposes "an overly broad collective comprised of various types of driving positions employed by FedEx." ECF No. 24 at 9. The Court rejects Defendant's argument at this early stage that similarly situated employees should be limited to those with the same work title as Plaintiff. However, Plaintiff's allegations are sufficient at this first step of the certification process, and Defendant retains the right to argue this at the second step of the certification process in the future. *See Rafter*, 2023 WL 7687261, at *4 (E.D.N.Y. Apr. 13, 2023).

alone anyone who worked anywhere other than the FRG Location. Finally, Plaintiff has had the opportunity to amend the Complaint to address these deficiencies, but has failed to do so since he filed the Complaint more than seventeen months ago. Thus, even under the lenient evident standard at the conditional certification stage, Plaintiff's barebones submission fails to satisfy his burden to certify a collective action for all eight counties in the New York metropolitan area. *See, e.g., Johnson-Cradle v. KPS Affiliates Inc.,* No. 22-CV-1052, 2023 WL 3091675, at *8 (S.D.N.Y. Apr. 26, 2023) (limiting the geographic scope of the conditional certification when "[plaintiff] ha[d] not offered evidence relating to [defendant's] compensation policies for security guards at any location other than the Bronx Location"); *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 355 (E.D.N.Y. 2008) (limiting the geographic scope of the conditional certification, noting that "[a]lthough plaintiffs, all of whom were employed at the Coney Island Store, ha[d] alleged enough facts to allow the court to certify a class of individuals who worked at the same location during the same period, those facts fail[ed] to demonstrate that plaintiffs [were] similarly situated to individuals who worked at a number of different locations, and under a number of different managers").

The Court therefore limits the geographic scope of the collective action to just FedEx's FRG Location where Plaintiff was employed.

### 4. Temporal Scope

Plaintiff seeks to certify an action dating back to June 18, 2018 (six years prior to filing of the Complaint) through the present. Defendant objects and argues that the action should be limited to a three-year lookback period. *See* ECF No. 24 at 16. The Court agrees with Defendant.

As set forth in Defendant's submission, "the growing trend in this district appears to be

9

limiting the notice period to three years." ECF No. 24 at 21 (quoting *McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 396, 400 (E.D.N.Y. 2011)). Courts have held that "overall efficiency concerns" also warrant limitation of claims to a three-year statute of limitations. *Rafter*, 2023 WL 7687261, at *8 (citation omitted). The Court is not convinced by Plaintiff's argument about the "limited burden" associated with certification of the longer six-year notice period. ECF No. 26 at 9.

The Court therefore limits the certification to the three-year time period prior to the filing of the complaint – from June 18, 2021, through the present.

### B. Proposed Notice

Given that the Court has made the initial finding to certify a collective action, the Court needs to authorize the issuance of notice for additional opt-in Plaintiffs. *See Villalta*, 2022 WL 462408, at *7. The FLSA "vests the district court with broad discretion with respect to the notice of pending litigation to be provided to potential opt-in plaintiffs." *Yi Mei Ke v. JR Sushi 2 Inc.*, No. 19-CV-7332, 2021 WL 148751, at *12 (S.D.N.Y. Jan. 15, 2021) (quotation marks and citation omitted).

The parties have represented that they will meet and confer regarding the proposed notice for submission to the Court. *See* ECF No. 24 at 19 ("[I]n the event the Court grants conditional certification, FedEx requests that the Court order the parties to meet and confer to reach an agreement as to the form and content of the notice"); ECF No. 26 at 9 ("Plaintiff respectfully requests that the Court allow the parties an opportunity to amicably negotiate a proposed notice to avoid unnecessary judicial intervention"). The Court agrees that this approach is most efficient for the parties and the Court. The parties therefore shall meet and confer in good faith and submit a proposed notice to the Court by January 5, 2026.

## IV. CONCLUSION

The Court grants Plaintiffs' Motion to Certify FLSA Collective Action as follows: (1) conditional certification of this action as a representative class action pursuant to the FLSA on behalf of all FedEx drivers employed at the FedEx FRG location only from **June 18, 2021 to the present**; and (2) the parties shall submit a proposed notice to potential opt-in plaintiffs by **January 5, 2026**.

## V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(a), the parties shall have fourteen (14) days from service of this Order to file written objections. *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Bulsara. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154–55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

Dated: Central Islip, New York
      November 20, 2025

**SO ORDERED**:

/s/ Lee G. Dunst
LEE G. DUNST
United States Magistrate Judge

11